B 27 (Official Form 27) (12/13)

# UNITED STATES BANKRUPTCY COURT

Western _____ District of _Pennsylvania_

In re __Andrew Burns_____,
         *Debtor*

Case No. ___15-70117_____

Chapter ___7___

## REAFFIRMATION AGREEMENT COVER SHEET

This form must be completed in its entirety and filed, with the reaffirmation agreement attached, within the time set under Rule 4008.  It may be filed by any party to the reaffirmation agreement.

1.    Creditor's Name:__ CAVALRY SPV I, LLC as assignee of Capital One, N.A./POLARIS

2.    Amount of the debt subject to this reaffirmation agreement:
    $_____3,121.74__ on the date of bankruptcy   $____3,121.74__ to be paid under reaffirmation agreement

3.    Annual percentage rate of interest: _____% prior to bankruptcy
    _0.0_____% under reaffirmation agreement ( _x_ Fixed Rate ___ Adjustable Rate)

4.    Repayment terms (if fixed rate): $___87.00_per month for ___36__ months

5.    Collateral, if any, securing the debt: Current market value: $_____3121.74
    Description: __2010 POLARIS SPORTSMAN_____

6.    Does the creditor assert that the debt is nondischargeable? ___Yes ✓ No
(If yes, attach a declaration setting forth the nature of the debt and basis for the contention that the debt is nondischargeable.)

**Debtor's Schedule I and J Entries**

7A.    Total monthly income from $2,500.
       Schedule I, line 12

8A.    Total monthly expenses $4,954.
       from Schedule J, line 22

9A.    Total monthly payments on $____0
       reaffirmed debts not listed on
       Schedule J

**Debtor's Income and Expenses
as Stated on Reaffirmation Agreement**

7B.    Monthly income from all $2,500.
       sources after payroll deductions

8B.    Monthly expenses $4,954.

9B.    Total monthly payments on $____0
       reaffirmed debts not included in
       monthly expenses

10B.   Net monthly income [$2,454.]
       (Subtract sum of lines 8B and 9B from
       line 7B.  If total is less than zero, put the
       number in brackets.)

B27 (Official Form 27) (12/13)                                                                                           Page 2

11.    Explain with specificity any difference between the income amounts (7A and 7B):

_____

_____

12.    Explain with specificity any difference between the expense amounts (8A and 8B):

_____

_____

        If line 11 or12 is completed, the undersigned debtor, and joint debtor if applicable, certifies that any
explanation contained on those lines is true and correct.

_____              _____
Signature of Debtor (only required if          Signature of Joint Debtor (if applicable, and only
line 11 or 12 is completed)                     required if line 11 or 12 is completed)

**Other Information**

☑    Check this box if the total on line 10B is less than zero. If that number is less than zero, a presumption
of undue hardship arises (unless the creditor is a credit union) and you must explain with specificity the
sources of funds available to the Debtor to make the monthly payments on the reaffirmed debt:
_Spouse will help with payments._____
_____

Was debtor represented by counsel during the course of negotiating this reaffirmation agreement?
        X Yes                 _____No

If debtor was represented by counsel during the course of negotiating this reaffirmation agreement, has
counsel executed a certification (affidavit or declaration) in support of the reaffirmation agreement?
        _____Yes              X No

## FILER'S CERTIFICATION

·  I hereby certify that the attached agreement is a true and correct copy of the reaffirmation agreement
between the parties identified on this Reaffirmation Agreement Cover Sheet.

_____
Signature

_____
Print/Type Name & Signer's Relation to Case

B240A (Form B240A) (04/10)

> Check one.
> ☒ **Presumption of Undue Hardship**
> ☐ **No Presumption of Undue Hardship**
> *See Debtor's Statement in Support of Reaffirmation,*
> *Part II below, to determine which box to check.*

# UNITED STATES BANKRUPTCY COURT

Western _____ District of Pennsylvania

In re _____ Andrew Burns _____,          Case No. 15-70117 _____

*Debtor*

Chapter 7 _____

## REAFFIRMATION DOCUMENTS

**Name of Creditor:** CAVALRY SPV I, LLC as assignee of Capital One, N.A./POLARIS

☐ Check this box if Creditor is a Credit Union

## PART I. REAFFIRMATION AGREEMENT

**Reaffirming a debt is a serious financial decision. Before entering into this Reaffirmation Agreement, you must review the important disclosures, instructions, and definitions found in Part V of this form.**

A. Brief description of the original agreement being reaffirmed: _____ Secured revolving account _____

*For example, auto loan*

B. *AMOUNT REAFFIRMED*:       $_____ 3121.74 _____

The Amount Reaffirmed is the entire amount that you are agreeing to pay. This may include unpaid principal, interest, and fees and costs (if any) arising on or before _____, which is the date of the Disclosure Statement portion of this form (Part V).

*See the definition of "Amount Reaffirmed" in Part V, Section C below.*

C. The *ANNUAL PERCENTAGE RATE* applicable to the Amount Reaffirmed is 0 _____ %.

*See definition of "Annual Percentage Rate" in Part V, Section C below.*

This is a *(check one)*  ☒ Fixed rate          ☐ Variable rate

If the loan has a variable rate, the future interest rate may increase or decrease from the Annual Percentage Rate disclosed here.

B240A, Reaffirmation Documents                                                                    Page 2

D.  Reaffirmation Agreement Repayment Terms *(check and complete one)*:

     ☒    $ __87.00__ per month for __36__ months starting on _6/20/2015_ .

     ☐    Describe repayment terms, including whether future payment amount(s) may be different from the initial payment amount.

     _____

     _____

     _____

E.  Describe the collateral, if any, securing the debt:

     Description:              __2010 POLARIS SPORTSMAN__

     Current Market Value     $_____3121.74___

F.  Did the debt that is being reaffirmed arise from the purchase of the collateral described above?

     ☑ Yes.  What was the purchase price for the collateral?     $ _3121.74_____

     ☐ No.  What was the amount of the original loan?     $_____

G.  Specify the changes made by this Reaffirmation Agreement to the most recent credit terms on the reaffirmed debt and any related agreement:

| | Terms as of the Date of Bankruptcy | Terms After Reaffirmation |
|---|---|---|
| Balance due *(including fees and costs)* | $ 3,121.74 | $ 3121.74 |
| Annual Percentage Rate | _____ % | 0 _____ % |
| Monthly Payment | $_____ | $ 87.00 |

H.  ☐  Check this box if the creditor is agreeing to provide you with additional future credit in connection with this Reaffirmation Agreement.  Describe the credit limit, the Annual Percentage Rate that applies to future credit and any other terms on future purchases and advances using such credit:

     _____

     _____

# PART II.    DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

A. Were you represented by an attorney during the course of negotiating this agreement?

     Check one.     ☑ Yes     ☐ No

B. Is the creditor a credit union?

     Check one.     ☐ Yes     ☑ No

B240A, Reaffirmation Documents                                                                 Page 3

C. If your answer to EITHER question A. or B. above is "No," complete 1. and 2. below.

1.    Your present monthly income and expenses are:

   a. Monthly income from all sources after payroll deductions
   (take-home pay plus any other income)                              $ _*2500*_

   b. Monthly expenses (including all reaffirmed debts except
   this one)                                                          $ _*4954*_

   c. Amount available to pay this reaffirmed debt (subtract b. from a.)   $ *(2454)*

   d. Amount of monthly payment required for this reaffirmed debt     $ _87.00_

   *If the monthly payment on this reaffirmed debt (line d.) is greater than the amount you have available to pay this reaffirmed debt (line c.), you must check the box at the top of page one that says "Presumption of Undue Hardship." Otherwise, you must check the box at the top of page one that says "No Presumption of Undue Hardship."*

2.    You believe that this reaffirmation agreement will not impose an undue hardship on you or your dependents because:

   Check one of the two statements below, if applicable:

   ☐    You can afford to make the payments on the reaffirmed debt because your monthly income is greater than your monthly expenses even after you include in your expenses the monthly payments on all debts you are reaffirming, including this one.

   ☒    You can afford to make the payments on the reaffirmed debt even though your monthly income is less than your monthly expenses after you include in your expenses the monthly payments on all debts you are reaffirming, including this one, because:
   _I can make this payment._
   _____
   _____

   Use an additional page if needed for a full explanation.

D. If your answers to BOTH questions A. and B. above were "Yes," check the following statement, if applicable:

   ☐    You believe this Reaffirmation Agreement is in your financial interest and you can afford to make the payments on the reaffirmed debt.

*Also, check the box at the top of page one that says "No Presumption of Undue Hardship."*

B240A, Reaffirmation Documents                                                                    Page 4

## PART III.  CERTIFICATION BY DEBTOR(S) AND SIGNATURES OF PARTIES

I hereby certify that:

(1)     I agree to reaffirm the debt described above.

(2)     Before signing this Reaffirmation Agreement, I read the terms disclosed in this Reaffirmation Agreement (Part I) and the Disclosure Statement, Instructions and Definitions included in Part V below;

(3)     The Debtor's Statement in Support of Reaffirmation Agreement (Part II above) is true and complete;

(4)     I am entering into this agreement voluntarily and am fully informed of my rights and responsibilities; and

(5)     I have received a copy of this completed and signed Reaffirmation Documents form.

SIGNATURE(S) (If this is a joint Reaffirmation Agreement, both debtors must sign.):

Date _4-25-15_          Signature _Andrew Burns_
                                                    Debtor

Date _____          Signature _____
                                                    Joint Debtor, if any

## Reaffirmation Agreement Terms Accepted by Creditor:

Creditor  CAVALRY SPV I, LLC as assignee of Capital One, N.A.   C/O Bass & Associates, P.C., 3936 E. Ft. Lowell Ste 200, Tucson, AZ, 85712
                    Print Name                                              Address

_Jennifer Pursley_          _[signature]_          _5/19/15_
Print Name of Representative                       Signature              Date

## PART IV.  CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY)

*To be filed only if the attorney represented the debtor during the course of negotiating this agreement.*

I hereby certify that: (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

❐  A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

*Check box, if the presumption of undue hardship box is checked on page 1 and the creditor is not a Credit Union.*

Date _____     Signature of Debtor's Attorney_____

                              Print Name of Debtor's Attorney _____

## PART V.  DISCLOSURE STATEMENT AND INSTRUCTIONS TO DEBTOR(S)

**Before agreeing to reaffirm a debt, review the terms disclosed in the Reaffirmation Agreement (Part I above) and these additional important disclosures and instructions.**

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps, which are detailed in the Instructions provided in Part V, Section B below, are not completed, the Reaffirmation Agreement is not effective, even though you have signed it.

### A.    DISCLOSURE STATEMENT

1.  **What are your obligations if you reaffirm a debt?**  A reaffirmed debt remains your personal legal obligation to pay.  Your reaffirmed debt is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages.  Your obligations will be determined by the Reaffirmation Agreement, which may have changed the terms of the original agreement. If you are reaffirming an open end credit agreement, that agreement or applicable law may permit the creditor to change the terms of that agreement in the future under certain conditions.

2.  **Are you required to enter into a reaffirmation agreement by any law?** No, you are not required to reaffirm a debt by any law.  Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments that you agree to make.

3.  **What if your creditor has a security interest or lien?**  Your bankruptcy discharge does not eliminate any lien on your property.  A ''lien'' is often referred to as a security interest, deed of trust, mortgage, or security deed.  The property subject to a lien is often referred to as collateral.  Even if you do not reaffirm and your personal liability on the debt is discharged, your creditor may still have a right under the lien to take the collateral if you do not pay or default on the debt.  If the collateral is personal property that is exempt or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt.  To redeem, you make a single payment to the creditor equal to the current value of the collateral, as the parties agree or the court determines.

4.  **How soon do you need to enter into and file a reaffirmation agreement?**  If you decide to enter into a reaffirmation agreement, you must do so before you receive your discharge.  After you have entered into a reaffirmation agreement and all parts of this form that require a signature have been signed, either you or the creditor should file it as soon as possible.  The signed agreement must be filed with the court no later than 60 days after the first date set for the meeting of creditors, so that the court will have time to schedule a hearing to approve the agreement if approval is required.  However, the court may extend the time for filing, even after the 60-day period has ended.

5.  **Can you cancel the agreement?**  You may rescind (cancel) your Reaffirmation Agreement at any time before the bankruptcy court enters your discharge, or during the 60-day period that begins on the date your Reaffirmation Agreement is filed with the court, whichever occurs later.  To rescind (cancel) your Reaffirmation Agreement, you must notify the creditor that your Reaffirmation Agreement is rescinded (or canceled).  Remember that you can rescind the agreement, even if the court approves it, as long as you rescind within the time allowed.

6.  **When will this Reaffirmation Agreement be effective?**

    a. **If you *were* represented by an attorney during the negotiation of your Reaffirmation Agreement and**

    > i. **if the creditor is not a Credit Union**, your Reaffirmation Agreement becomes effective when it is filed with the court unless the reaffirmation is presumed to be an undue hardship. If the Reaffirmation Agreement is presumed to be an undue hardship, the court must review it and may set a hearing to determine whether you have rebutted the presumption of undue hardship.

    > ii. **if the creditor is a Credit Union**, your Reaffirmation Agreement becomes effective when it is filed with the court.

    b. **If you *were not* represented by an attorney during the negotiation of your Reaffirmation Agreement**, the Reaffirmation Agreement will not be effective unless the court approves it. To have the court approve your agreement, you must file a motion. See Instruction 5, below. The court will notify you and the creditor of the hearing on your Reaffirmation Agreement. You must attend this hearing, at which time the judge will review your Reaffirmation Agreement. If the judge decides that the Reaffirmation Agreement is in your best interest, the agreement will be approved and will become effective. However, if your Reaffirmation Agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home, you do not need to file a motion or get court approval of your Reaffirmation Agreement.

7.  **What if you have questions about what a creditor can do?** If you have questions about reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement. If you do not have an attorney helping you, you may ask the judge to explain the effect of this agreement to you at the hearing to approve the Reaffirmation Agreement. When this disclosure refers to what a creditor "may" do, it is not giving any creditor permission to do anything. The word "may" is used to tell you what might occur if the law permits the creditor to take the action.

**B.  INSTRUCTIONS**

1.  Review these Disclosures and carefully consider your decision to reaffirm. If you want to reaffirm, review and complete the information contained in the Reaffirmation Agreement (Part I above). If your case is a joint case, both spouses must sign the agreement if both are reaffirming the debt.

2.  Complete the Debtor's Statement in Support of Reaffirmation Agreement (Part II above). Be sure that you can afford to make the payments that you are agreeing to make and that you have received a copy of the Disclosure Statement and a completed and signed Reaffirmation Agreement.

3.  If you were represented by an attorney during the negotiation of your Reaffirmation Agreement, your attorney must sign and date the Certification By Debtor's Attorney (Part IV above).

4.  You or your creditor must file with the court the original of this Reaffirmation Documents packet and a completed Reaffirmation Agreement Cover Sheet (Official Bankruptcy Form 27).

5.  *If you are not represented by an attorney, you must also complete and file with the court a separate document entitled "Motion for Court Approval of Reaffirmation Agreement" unless your Reaffirmation Agreement is for a consumer debt secured by a lien on your real property, such as your home.* You can use Form B240B to do this.

## C.    DEFINITIONS

1.    **"Amount Reaffirmed"** means the total amount of debt that you are agreeing to pay (reaffirm) by entering into this agreement. The total amount of debt includes any unpaid fees and costs that you are agreeing to pay that arose on or before the date of disclosure, which is the date specified in the Reaffirmation Agreement (Part I, Section B above). Your credit agreement may obligate you to pay additional amounts that arise after the date of this disclosure. You should consult your credit agreement to determine whether you are obligated to pay additional amounts that may arise after the date of this disclosure.

2.    **"Annual Percentage Rate"** means the interest rate on a loan expressed under the rules required by federal law. The annual percentage rate (as opposed to the "stated interest rate") tells you the full cost of your credit including many of the creditor's fees and charges. You will find the annual percentage rate for your original agreement on the disclosure statement that was given to you when the loan papers were signed or on the monthly statements sent to you for an open end credit account such as a credit card.

3.    **"Credit Union"** means a financial institution as defined in 12 U.S.C. § 461(b)(1)(A)(iv). It is owned and controlled by and provides financial services to its members and typically uses words like "Credit Union" or initials like "C.U." or "F.C.U." in its name.

B240B (Form B240B) (12/09)

# UNITED STATES BANKRUPTCY COURT

Western _____ **District of** Pennsylvania

In re Andrew Burns _____,          Case No. 15-70117 _____
         *Debtor*

                                                Chapter  7 _____

## MOTION FOR APPROVAL OF REAFFIRMATION AGREEMENT

I (we), the debtor(s), affirm the following to be true and correct:

I am not represented by an attorney in connection with this reaffirmation agreement.

I believe this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement in Support of Reaffirmation Agreement, and because *(provide any additional relevant reasons the court should consider)*:

Therefore, I ask the court for an order approving this reaffirmation agreement under the following provisions *(check all applicable boxes)*:

☒11 U.S.C. § 524(c)(6) (debtor is not represented by an attorney during the course of the negotiation of the reaffirmation agreement)

☐ 11 U.S.C. § 524(m) (presumption of undue hardship has arisen because monthly expenses exceed monthly income, as explained in Part II of Form B240A, Reaffirmation Documents)

Signed: *Andrew Burns* _____
        *(Debtor)*

_____
*(Joint Debtor, if any)*

Date: 4-25-15 _____

# COMMONWEALTH OF PENNSYLVANIA

## DEPARTMENT OF CONSERVATION AND NATURAL RESOURCES

### CERTIFICATE OF TITLE FOR AN ALL-TERRAIN VEHICLE

*issued in accordance with Section 7712.1 of the Vehicle Code, Title 75, Pennsylvania Consolidated Statutes*

**NAME:** ANDREW P BURNS
**ADDRESS:** Redacted BENTWOOD AVE
JOHNSTOWN PA 15904-1333

| A515850 | 2010 | POLARIS |
|---|---|---|
| TITLE NUMBER | YEAR | MAKE OF ALL-TERRAIN VEHICLE |

| 4XADX55A9AA010038 | 1 | SPRTMN 550TRG EPS |
|---|---|---|
| VEHICLE IDENTIFICATION NUMBER | CLASS | MODEL |

| 04/13/2011 | 04/12/2011 | |
|---|---|---|
| DATE OF ISSUE | DATE OF ORIGINAL TITLE | DUPLICATE TITLE |

**FIRST SECURED PARTY**  ☐ SATISFIED ☐ RELEASED

**NAME:** HSBC BANK NEVADA NA
**ADDRESS:** PO BOX 660070
SACRAMENTO CA 95866

_____
DATE

BY _____
AUTHORIZED REPRESENTATIVE

**SECOND SECURED PARTY**  ☐ SATISFIED ☐ RELEASED

**NAME:**
**ADDRESS:**

_____
DATE

BY _____
AUTHORIZED REPRESENTATIVE

I certify that reasonable diligence has been used in examining the statement presented in the Application for Certificate of Title to the All-Terrain Vehicle described hereon, and that the proof of ownership of said vehicle presented with said application warrants the issuance of this certificate naming the applicant as lawful owner of said vehicle. Wherefore, I certify that as of the date inscribed hereon, the official records of the Pennsylvania Department of Conservation and Natural Resources reflect that said applicant is the lawful owner of said All-Terrain Vehicle.

SECRETARY OF DEPARTMENT OF
CONSERVATION & NATURAL RESOURCES

## KEEP IN A SAFE PLACE — ANY ALTERATION OR ERASURE VOIDS THIS TITLE

8100-FM-FR0100 8/2001

806416

**(To be sent to the Department of Motor Vehicles of applicable State)**



Capital One Retail Services
3800 Golf Road
Rolling Meadows, IL 60008

## NOTICE OF LIEN TRANSFER - DO NOT DESTROY

April 7, 2015

BURNS, ANDREW P
Redacted BENTWOOD AVE
JOHNSTOWN, PA  15904

YEAR:  2010
MAKE:  POLARIS
MODEL:  A1DX55AF
VIN:  4XADX55A9AA010038

Account ending in: ****2384

To whom it may concern:

The above referenced account has been sold and the lien held by Capital One has been reassigned to
CAVALRY as of the date of this letter. This letter shall serve as verification of the lien being
released to CAVALRY and no further interest is now held by Capital One.

Sincerely,

Lisa Carnana
Titles Analyst

Letter ID: TTLTRS1547223

State of Illinois
County of Cook

Signed and sworn to before me this ___8___ day of ____April____, 2015 by Lisa Carnana.

_____  Sara Tanchez
(Signature of Notary)
(Seal)

OFFICIAL SEAL
SARA TANCHEZ
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/17/17

© 2014 Capital One. Capital One is a federally registered service mark. All rights reserved.

<u>LIMITED POWER OF ATTORNEY</u>

HSBC Bank Nevada, National Association, formerly known as Household Bank (SB), N.A, a national banking association, having its principal office at 1111 Town Center Drive, Las Vegas NV 89144, Las Vegas, Nevada, ~~and HSBC~~ Retail Credit (USA) Inc., a New York corporation, having its principal office at One HSBC Center Buffalo NY 14203 (each, the "*Grantor*"), hereby appoint Capital One Services, LLC, a Delaware limited liability company ("*Capital One*"), serving on behalf of the issuer, Capital One N.A. and having its principal office at 15000 Capital One Drive, Richmond, VA 23238 , as the true and lawful attorney with respect only to the actions described below, and hereby vests in Capital One the limited power and authority to take those actions described below:

1. To prepare, execute, acknowledge, verify, swear to, deliver, endorse, negotiate, record and file, in the Grantor's name, place and stead, all agreements, instruments, documents, assignments and certificates that Capital One, in its reasonable discretion, deems advisable, desirable, proper and/or necessary for Capital One to (a) grant, receive, maintain, correct, perfect or release a security interest in each vehicle securing an Account (as defined in the Purchase and Assumption Agreement, dated as of August 10, 2011, as it may be amended from time to time (the "*Agreement*"), by and among HSBC Finance Corporation, HSBC USA, Inc., HSBC Technology and Services (USA), Inc. and Capital One Financial Corporation), purchased by Capital One or its applicable affiliate pursuant to the Agreement and the proceeds thereof in favor of Capital One or its applicable affiliate, (b) to exercise the rights of the Grantor with respect to each such vehicle and the proceeds thereof (including, without limitation, the right to repossess and dispose of any such vehicle), (c) to grant, sell, assign and transfer each related document to Capital One or its applicable affiliate, and (d) to generally do and perform all and any other act whatsoever as may be advisable, desirable, proper and/or necessary with respect to the authority granted in clauses (a) through (c) of this paragraph. The foregoing shall include, without limitation, the power and authority to make, execute, acknowledge, verify, swear to, deliver, endorse, negotiate, record and file Certificates of Title, financing statements, releases of lien, and similar documents with respect to each vehicle and all amendments and supplements thereto and to sign any assignments of the related documents to Capital One or its applicable affiliate, that Capital One, in its reasonable discretion, deems advisable, desirable, proper and/or necessary, all in connection with, and consistent with the terms of the Agreement.

2. To prepare, execute, acknowledge, verify, swear to, deliver, endorse, negotiate, record and file, in the Grantor's name, place and stead, all agreements, instruments, documents, assignments and certificates that Capital One, in its reasonable discretion, deems advisable, desirable, proper and/or necessary for Capital One to (a) grant, receive, maintain, correct, perfect or release a security interest in each vehicle securing an account for which a lien document is erroneously filed naming Grantor as the lienholder within 120 days of the date hereof by any dealer subject to a dealer agreement assigned to Capital One or any of its affiliates pursuant to the Agreement (each, a "*Dealer*") and the proceeds thereof in favor of Capital One or its applicable affiliate, (b) to exercise the rights of the Grantor with respect to each such vehicle and the proceeds thereof (including, without limitation, the right to repossess and dispose of any such vehicle), (c) to grant, sell, assign and transfer each related document to Capital One or its applicable affiliate, and (d) to generally do and perform all and any other act whatsoever as may be advisable, desirable, proper and/or necessary with respect to the authority granted in clauses (a) through (c) of this paragraph. The foregoing shall include, without limitation, the power and authority to make, execute, acknowledge, verify, swear to, deliver, endorse, negotiate, record and file Certificates of Title, financing statements, releases of lien and similar documents with respect to each vehicle and all amendments and supplements thereto and to sign any assignments of the related documents to Capital One or its applicable affiliate, that Capital One, in its reasonable discretion, deems advisable, desirable, proper and/or necessary, all in connection with, and consistent with the terms of the Agreement.

3. To prepare, execute, deliver, endorse and negotiate in the name of the Grantor payment checks from dealers and customers in connection with each Account, as defined in the Agreement, purchased by Capital One or its applicable affiliate pursuant to the Agreement.

4. To prepare, execute, deliver, endorse and negotiate in the name of Grantor payment checks, money orders, or other instruments made payable to Grantor, received as payment with respect to each Account as defined in the Agreement purchased by Capital One or its applicable affiliate pursuant to the Agreement.

Capital One hereby agrees that, in connection with any exercise of the power and authority vested by paragraph 2 above, Capital One shall use its reasonable best efforts to promptly request that the applicable Dealer (i) thereafter correctly record Capital One or its applicable affiliate and not Grantor as the lienholder with respect to vehicles that are the subject of accounts owned by Capital One or its applicable affiliate and (ii) coordinate with the applicable account customer to execute new lien documentation so naming Capital One or its applicable affiliate and not Grantor as the lienholder.

The parties hereby agree that the granting of this Limited Power of Attorney shall not in any way alter the parties respective rights to indemnification provided for in Article 8 of the Agreement.

The Grantor does hereby ratify and confirm any and all things whatsoever that Capital One may do, subject to the limitations contained herein, by virtue hereof with respect to the powers and authorities granted hereby. This Limited Power of Attorney shall be deemed to have been executed under seal, to be coupled with an interest, and shall extend to any successor of the Grantor.

This Limited Power of Attorney shall commence on the date hereof and shall continue in full force and effect until each of the purchased Accounts assigned to Capital One or its applicable affiliate under the Agreement are fully paid or repurchased, at which time this Limited Power of Attorney shall terminate ("Termination"). Any third party may rely upon this document as Capital One's authority to continue to exercise the powers herein granted unless Termination has been recorded in the public records of the jurisdiction where this Limited Power of Attorney has been recorded, or unless a third party has received actual notice of Termination.

This Limited Power of Attorney shall be governed by and construed in accordance with New York law.

*[Signature Page Follows]*

IN WITNESS WHEREOF, Grantor has executed this Limited Power of Attorney effective as of the 1st day of May, 2012.

HSBC Bank Nevada, N.A.

By: _____

Name: Connie Moment

Title: Executive Vice President


STATE OF ILLINOIS        )
                         ) SS
COUNTY OF LAKE           )

On this ~~30th~~ 1st day of ~~April~~ May, 2012, before me, a Notary Public in the State of Illinois, personally appeared Connie Moment, to me personally known to be an officer of HSBC Bank Nevada, N.A., and such officer acknowledged the execution of said instrument to be the voluntary act and deed of the entity named above his signature.

_____
Notary Public

```
OFFICIAL SEAL
[SPASE] C ZAREMBA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:06/03/13
```


HSBC Retail Credit (USA) Inc.

By: _____

Name: Eesh K. Bansal

Title:  President


STATE OF NEW YORK  )
                   ) SS
COUNTY OF New York )

On this 30th day of April, 2012, before me, a Notary Public in the State of New York, personally appeared Eesh K. Bansal, to me personally known to be an officer of HSBC Retail Credit (USA) Inc., and such officer acknowledged the execution of said instrument to be the voluntary act and deed of the entity named above his signature.

_____
Notary Public

[SEAL]

JANE H. KAUH
Notary Public, State of New York
No. 02KA6129152
Qualified in New York County
Commission Expires June 20, 20 13

CAPITAL ONE SERVICES, LLC

By: _Bradley R. Thayer_

Name: BRADLEY R. THAYER

Title: MANAGING VICE PRESIDENT,
CORPORATE DEVELOPMENT

STATE OF Virginia )
) SS
COUNTY OF Fairfax )

On this 30th day of April, before me, a Notary Public in the State of Virginia, personally appeared [name], to me personally known to be an officer of [Capital One Entity], and such officer acknowledged the execution of said instrument to be the voluntary act and deed of the entity named above his signature.

_Christine A. Van Horn_                            [SEAL]



```
CHRISTINE A VAN HORN
NOTARY PUBLIC
REG. #307303
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES JULY 31, 2013
```